IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DONALD PAUL KINGSLEY, 473487, )
   Petitioner, )
 )
v. ) No. 3:08-CV-2146-D
 )
RICK THALER, )
Director TDCJ-CID, )
   Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On September 4, 1987, Petitioner pled guilty to first degree murder and was sentenced to life in prison. *The State of Texas v. Donald Paul Kingsley*, No. F87-95498-MN (195th Jud. Dist. Ct., Dallas, Tex., Sept. 4, 1987).

Petitioner does not challenge his conviction. Instead, he argues that Respondent has unlawfully denied him release to mandatory supervision. He argues:

(1)   the state unlawfully combined the TDCJ and the Board of Pardons and Paroles into one division under Texas Government Code § 493.002 which creates a conflict of interest;

(2)   Respondent has unlawfully applied Texas Government Code § 508.149 to his

> conviction, which is an *ex post facto* and due process violation;

(3) Respondent has unlawfully applied Texas Government Code § 508.149 to his conviction, which unlawfully denies him judicial review of the Board's decisions; and

(4) His continued incarceration pursuant to § 508.149 violates the Thirteenth Amendment's prohibition against slavery.

On April 15, 2009, Respondent filed his answer. On April 29, 2009, Petitioner filed his traverse. The Court now determines the petition should be dismissed.

## II. Discussion

### A. Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right

under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

**(1)  Texas Government Code § 493.002**

Petitioner argues that Texas Government Code § 493.002 is unlawful because it combines the TDCJ and the Board of Pardons and Paroles ("Board") into one entity. Petitioner argues this statute creates a conflict of interest. Section 493.002, however, became effective on September 1, 1993. Petitioner could have determine the factual predicate of this claim at that time. His federal limitations period expired one year from September 1, 1993, or on September 1, 1994. Petitioner did not file any state habeas petitions challenging this statute. He is therefore not entitled to any statutory tolling of the limitations period. Petitioner was required to file his challenge to this statute by September 1, 1994, but did not file this petition until November 30, 2008. This claim is therefore untimely.

**(2)  Texas Government Code § 508.149(b)**

Petitioner challenges the application of Texas Government Code § 508.149(b) to his conviction. This statute states:

> (b)  An inmate may not be released to mandatory supervision if a parole panel determines that:
>
> (1)  the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
> (2)  the inmate's release would endanger the public.

TEX. GOV'T CODE § 508.149(b).

This statute became effective on September 1, 1997. Additionally, Petitioner submits documents from January 23, 2004, showing that he was denied release to mandatory supervised release based on the criteria in § 508.149(b) by a finding that Petitioner's release would endanger the public. (Pet. Ex. A at 8.) Based upon the documents submitted by Petitioner, the latest date that Petitioner knew, or could have discovered with the exercise of due diligence, that the Board was applying § 508.149(b) to his conviction was January 23, 2004. He then had one year, or until January 23, 2005, to file his federal petition. He did not file any state habeas petitions raising this claim. He is therefore not entitled to statutory tolling of the limitations period. Petitioner was required to file his federal petition by January 23, 2004. He did not file the petition until November 30, 2008. These claims are therefore untimely.

**(3)    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**2.      Exhaustion**

Petitioner argues Respondent has unlawfully applied Texas Government Code § 508.149(a) to his conviction. Petitioner states he first learned that the Board was applying § 508.149(a) to his conviction when he received the Board's May 16, 2008, response to his grievance.

Petitioner has failed to exhaust this claim. Although Petitioner states that review of a claim under § 508.149(a) is not available in state court, Texas courts can review this claim. *See Hoffman v. Cockrell*, 21 Fed. Appx. 838 (2002) (per curiam) (citing *Ex parte Hall*, 995 S.W.2d 151 (Tex. Crim. App. 1999)). Thus, Petitioner has failed to exhaust his state court remedies regarding this claim as required by 28 U.S.C. § 2254(b)(1).

**RECOMMENDATION**:

The Court recommends that: (1) Petitioner's claims pursuant to Texas Government Code § 508.149(a) be dismissed without prejudice for failure to exhaust state remedies; and (2) Petitioner's remaining claims be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 7th day of March, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).